1  Christian Keeney CA Bar No. 269533
   christian.keeney@ogletree.com
2  Sarah Christenson CA Bar No. 291548
   sarah.christenson@ogletree.com
3  Allison R. De La Riva CA Bar No. 322487
   allison.delariva@ogletree.com
4  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
5  Park Tower, Fifteenth Floor
   695 Town Center Drive
6  Costa Mesa, CA  92626
   Telephone:   714-800-7900
7  Facsimile:    714-754-1298

8  Attorneys for Defendant
   National Distribution Centers, LLC
9

10                 UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

12

13  MARIA ROSALES DE VELAZQUEZ,          Case No. Pending
    an individual;
14                                       **DEFENDANT NATIONAL
                Plaintiff,               DISTRIBUTION CENTERS, LLC'S
15                                       NOTICE OF REMOVAL OF CIVIL
         v.                              ACTION**
16
    NATIONAL DISTRIBUTION
17  CENTERS, LLC, a corporate entity     [*Filed Concurrently with Certificate of
    form unknown; and DOES 1-50,         Interested Parties; Civil Cover Sheet;
18  inclusive,                           Corporate Disclosure Statement;
                                         Declaration of Allison R. De La Riva;
19              Defendants.              Declaration of Sarah E. Pontoski; Notice of
                                         Related Cases; and Request for Judicial
20                                       Notice*]

21

22                                       Complaint Filed: June 22, 2022
                                         Trial Date:       None Set
23                                       District Judge:   Hon. TBD
                                         Magistrate Judge: Hon. TBD
24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that Defendant National Distribution Centers, LLC ("Defendant") removes this action from the San Bernardino County Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441 and 1446, on the following grounds: there is complete diversity of citizenship between Plaintiff Maria Rosales De Velazquez ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the States of New Jersey, Pennsylvania, and Texas *See* Declaration of Sarah E. Pontoski ("Pontoski Decl.") at ¶ 4-8; the amount in controversy exceeds $75,000; and the foregoing facts were true when Plaintiff filed the Complaint and remain true now.

## I.    THE STATE COURT ACTION

   1.    On June 22, 2022, Plaintiff filed her Complaint against Defendant entitled "*Maria Rosales De Velazquez v. National Distribution Centers, LLC, et al.*" in San Bernardino County Superior Court, Case Number CIVSB2211839 ("Complaint"). Plaintiff's Complaint alleges sixteen causes of action: (1) discrimination in violation of Government Code section 12940 *et seq.*; (2) failure to accommodate in violation of Government Code section 12940(m); (3) failure to engage in the interactive process in violation of Government Code section 12940(n); (4) age discrimination in violation of Government Code section 12940 *et seq.*; (5) race/national origin discrimination in violation of Government Code section 12940 *et seq.*; (6) gender discrimination in violation of Government Code section 12940 *et seq.*; (7) sexual harassment; (8) failure to prevent discrimination in violation of Government Code section 12940(k); (9) retaliation in violation of Government Code section 12940(h); (10) wrongful termination; (11) meal and rest break violations of Labor Code section 226.7; (12) failure to pay all compensation at termination/waiting time penalties; (13) failure to pay overtime and wages; (14) failure to provide employment records in violation of

Labor Code section 1198.5 *et seq*.; (15) failure to provide one day of rest per week in violation of Labor Code section 551 *et seq*.; and (16) violation of Business & Professions Code section 17200 *et seq*.

2.     On September 8, 2022, Plaintiff personally served Defendant with a copy of the Complaint and Summons. *See* Pontoski Decl. at ¶ 9. A true and correct copy of the documents served on Defendant in this action, including the Summons and Complaint, are attached as "**Exhibit A**."  *See* Declaration of Allison R. De La Riva ("De La Riva Decl.") at ¶ 3.

3.     On October 7, 2022, Defendant filed an Answer in San Bernardino County Superior Court. A true and correct copy of the Answer is attached as "**Exhibit B**." *See* De La Riva Decl. at ¶ 4.

4.     Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1449, a true and correct copy of all pleadings served upon Defendant are attached to this Notice of Removal. *See* De La Riva Decl. at ¶ 3.

## II.     REMOVAL IS TIMELY

5.     A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

6.     As set forth in Paragraph No. 2 above, Plaintiff first served Defendant with the Summons and Complaint on September 8, 2022. *See* Pontoski Decl. at ¶ 9. Because Defendant filed this Petition and Notice of Removal within 30 days of that date, removal is timely.

7.     Defendant is the only named and served defendant in this action. The consent of any other defendant to removal is, therefore, inapplicable. *See* 28 U.S.C. § 1446(b)(2)(A).

### III.    COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8.    Complete diversity exists between Plaintiff and Defendant.

#### A.    Plaintiff is a Citizen of California.

9.    For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). For diversity purposes, an individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

10.    At all relevant times, Plaintiff was a resident of the State of California. Defendant's payroll records for Plaintiff and correspondence issued to Plaintiff also indicate that, during the relevant time period, Plaintiff resided in Riverside, California. *See* Pontoski Decl. at ¶ 11.

11.    Therefore, Plaintiff is, and was, a citizen of California.

#### B.    Defendant is a Citizen of New Jersey, Pennsylvania, and Texas.

12.    For removal purposes, a limited liability company ("LLC") is a citizen of all states where its members and/or owners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13.    When Plaintiff filed the Complaint and continuing through the present, National Distribution Centers, LLC's sole owner and member was NFI, L.P. *See* Pontoski Decl. at ¶ 4. Like an LLC, the citizenship of a limited partnership is determined by the citizenship of its partners. *Carden v. Arkoma Assocs*., 494 U.S. 185, 195-96 (1990).

14.    There are four partners of NFI, L.P. Three of the partners are traditional trusts and one of the partners is a Delaware limited liability company, named NFI GP, LLC. *See* Pontoski Decl. at ¶ 5. No partner of NFI, L.P., is a citizen of California. *Id*. at ¶ 8.

15.     A trust has the citizenship of its trustee or trustees. *Johnson, supra*, 437 F.3d at 899. The Sidney R. Brown 2009 GST Exempt Family Trust Dated November 30, 2009, is formed under the laws of the state of New Jersey. *See* Pontoski Decl. at ¶ 7. The two trustees, Sandra Brown and Scott Brucker, are domiciled in and citizens of Pennsylvania. *Id*.

16.     The Jeffery S. Brown 2015 GST Exempt Trust is formed under the laws of the state of New Jersey. *Id.* The two trustees, Daniel Cooper and Tracy Brown, are domiciled in and are citizens of Pennsylvania and New Jersey. *Id*.

17.     The Irwin J. Brown 2015 GST Exempt Family Trust is formed under the laws of the state of Texas. *Id*. The trustee, Scott Brucker, is domiciled in and is a citizen of Pennsylvania. *Id*.

18.     NFI GP, LLC, has three members: (1) Sidney R. Brown, who is domiciled in and is a citizen of Pennsylvania; (2) Irwin J. Brown, who is domiciled in and is a citizen of Texas; and (3) Jeffrey S. Brown, who is domiciled in and is a citizen of New Jersey. *Id*. at ¶ 6.

19.     Because Plaintiff is a California citizen, and Defendant is a citizen of New Jersey, Pennsylvania, and Texas, complete diversity exists between Plaintiff and Defendant now, and did so when Plaintiff filed the Complaint.[1]

## IV.     THE JURISDICTIONAL MINIMUM IS SATISFIED

20.     Where, as here, the Complaint does not specify a particular amount of damages, the removing defendant need only establish by a preponderance of evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2); *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403-04 (9th Cir. 1996); *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) (amount-in-controversy inquiry in the

---

[1] The citizenship of "doe" defendants is disregarded for removal purposes. (28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *Soliman v. Philip Morris Inc*., 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).)

Case No. Pending
DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

1   removal context is not confined to the face of the complaint). The removing defendant

2   meets this burden if it establishes that it is "more likely than not" that the amount in

3   controversy exceeds $75,000. *Sanchez, supra*, 102 F.3d at pp. 403-404.

4        21.   In determining whether the jurisdictional minimum is met, the court

5   considers all recoverable damages, including emotional distress damages, punitive

6   damages, statutory penalties and attorneys' fees. *Hunt v. Washington State Apple*

7   *Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142

8   F.3d 1150, 1155-56 (9th Cir. 1998).

9        22.   As set forth below, it is more likely than not that the amount in

10  controversy in this case exceeds $75,000.[2]

11       **A.    Plaintiff's Complaint Confirms More than $300,000 is in**

12            **Controversy.**

13       23.   Plaintiff's Complaint alleges that she "has been harmed in that Plaintiff

14  has suffered the loss of wages, salary, benefits, the potential for advancement, and

15  additional amounts of money…in an amount…no less than three-hundred thousand

16  dollars ($300,000)." (Ex. A, Compl. at ¶¶ 35, 50, 65, and 97.) Therefore, she has

17  alleged at least "three-hundred thousand dollars ($300,000)" in controversy in this

18  matter. Accordingly, the jurisdictional minimum has been satisfied.

19       **B.    Lost Earnings and Unpaid Wages.**

20       24.   Plaintiff seeks to recover lost earnings and specifically pleads that she has

21  suffered, and will continue to suffer, loss of salary, wages, and benefits "in an amount

22  of at least three-hundred thousand dollars ($300,000)." (Ex. A, Compl. at ¶¶ 35, 50,

23  65, 82, 97, 112, 130, 133, 143, 154, 204, and Prayer for Relief at ¶ 1.)

24

25

26

27

28

---

[2] By estimating the amount Plaintiff might recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

Case No. Pending

DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

25.     The court may consider lost earnings calculated from Plaintiff's termination through the anticipated trial date in determining the amount in controversy. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely [the amount] already incurred").

26.     When Plaintiff's employment ended in or about December 2021, she had exhausted all of her unpaid, job-protected leave, but was otherwise a full-time employee (40 hours per week) earning $14.25 per hour or approximately $570 per week. *See* Pontoski Decl. ¶ 12.

27.     Based on the most recent Judicial Caseload Profile obtained from the United States District Courts' website (https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2022/03/31), the median time from filing to trial in a civil matter for the Central District of California is 21.8 months, which would mean the likely trial date in this matter is April 15, 2024. *See* Request for Judicial Notice, Ex. 1.

28.     Therefore, the amount of lost earnings in controversy here is at least $70,110 ($570 per week multiplied by 123 weeks between Plaintiff's alleged termination date and the likely trial date of April 15, 2024).

**C.     Labor Code Violations**

29.     As set forth in Plaintiff's Complaint, Plaintiff asserts causes of action for meal and rest break violations in violation of Labor Code sections 226.7 and 512, and failure to pay overtime and all wages due in violation of Labor Code sections 204 and 510.  She also alleges claims for penalties under Labor Code sections 203 and 226.

30.     Plaintiff alleges she "did not waive her meal periods and/or rest breaks," and "**consistently** worked over five (5) hours per shift and therefore was entitled to an

DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and, at least one rest break for every four (4) hours worked." (Ex. A, Compl. at ¶¶ 164, 165, emphasis added.) She alleges she did not receive these meal and rest breaks on a "consistent" basis. *Id.* Defendant denies that it failed to provide proper meal or rest breaks to Plaintiff. However, based on the allegations set forth in Plaintiff's Complaint, which allege "consistent[]" violations, Defendant conservatively estimates that Plaintiff missed 2.5 meal and/or rest breaks per week during her employment with Defendant. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).

31. The amount of potential damages for alleged missed meal and/or rest breaks is at least $4,310.02 ($35.62 per week [$14.25 per hour * 2.5 violations per week] multiplied by 121 weeks between Plaintiff's date of hire on or about August 7, 2019 and alleged termination date).

32. Additionally, Plaintiff alleges that Defendant "failed to pay [her] wages for all hours worked…and required [her] to work overtime but did not compensate her for this time." She also alleges she was "unreasonably and unlawfully **forced** [] to work 7 days per week." (Ex. A, Compl. at ¶ 10, 178, emphasis added.) While Defendant denies that Plaintiff was not paid overtime for all hours worked, based upon the allegations in the Complaint (in which Plaintiff alleges she was "forced" to work 7 days per week), Defendant conservatively estimates that Plaintiff was not paid for 2.5 hours of alleged off-the-clock overtime per week (*i.e.*, time worked outside of regular hours per day (8 hours) or regular hours per week (40 hours)).

33. The amount of damages for alleged unpaid off-the-clock overtime wages is at least $6,463.82 ($53.42 [Plaintiff's over time rate of $21.37 * 2.5 violations per week] multiplied by 121 weeks between Plaintiff's date of hire on or about August 7, 2019 and alleged termination date).

34. Labor Code sections 203 and 226 provide for penalties to employees when an employer fails to pay all wages due at the time of their termination and for an

Case No. Pending

DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

employer's failure to provide accurate itemized wage statements. Labor Code section 203 provides penalties for a maximum of 30 days.  Given Plaintiff's allegations that she was not paid all amounts due to her upon termination, these penalties amount to $3,420 ($114 per day multiplied by 30 days). Labor Code section 226 allows an aggregate penalty up to $4,000 for an employer's failure to provide accurate itemized wage statements. Therefore, based on Plaintiff's allegations that her wage statements did not accurately reflect all hours worked, the penalties here are likely $4,000 given Plaintiff's allegations of violations each pay period.

35.    Therefore, the total amount owed to Plaintiff for Labor Code violations, including penalties, is approximately $18,193.84.

36.    Accordingly, the total amount for lost wages, unpaid wages, including for meal and/or rest break violations and overtime, and penalties is approximately $88,303.84.

### D.    Attorney's Fees.

37.    Plaintiff seeks to recover attorneys' fees. (Ex. A, Compl. at ¶¶ 43, 58, 73, 88, 104, 118, 138, 145, 174, 175, 188, 190, 197, and Prayer for Relief, ¶ 6.)

38.    When authorized by statute, claims for attorneys' fees are properly considered in determining the amount in controversy. *Galt G/S, supra*, 142 F.3d at pp. 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

39.    If Plaintiff prevails on her First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, or Thirteenth Cause of Action, Plaintiff may recover attorneys' fees. Cal. Govt. Code § 12965(b) (courts may award attorneys' fees to a "prevailing party" in FEHA actions); *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005) ("prevailing party" in FEHA action is entitled to attorneys' fees "absent circumstances that would render the award unjust"). Accordingly, Plaintiff's request for attorneys' fees is properly considered in determining the amount in controversy.

40.    The Court may consider all attorneys' fees that can reasonably be anticipated to be incurred over the life of the case. *Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" should be considered for purposes of meeting the amount in controversy requirement); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal.").

41.    As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons, supra*, 209 F. Supp. 2d at p. 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages").

42.    Courts in this District have found an hourly rate of at least $525 for employment discrimination cases to be reasonable. *See Vysata v. Menowitz*, No. CV 18-06157 JAK RAO, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs.*, No. 2:16-CV-06713-RGK-AJW, 2018 WL 6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rate of $525 per hour to be reasonable); *Andrade v Arby's Restaurant Group, Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (finding that a $550 hourly rate was reasonable); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017) (finding a District court did not err in awarding $550 per hour).

43.    Courts in this District have determined that 300 hours is a reasonable estimate for the number of hours to be expended on an employment action through trial. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding an estimate of 300 hours for an employment action through trial to be reasonable); *Melendez v. HMS Host Family*

*Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

44. Based on the typical hourly rate for employment counsel in this District and the estimated time to litigate an employment action through trial, Plaintiff has put at least $157,500 in attorneys' fees in controversy (300 hours x $525 per hour).

**E.    Emotional Distress.**

45. Plaintiff seeks to recover emotional distress damages. (Ex. A, Compl. at ¶¶ 36, 51, 66, 83, 98, 113, 130, 134, 136, 143, and 154.)

46. Emotional distress damages are properly considered in calculating the amount in controversy. *Simmons, supra*, 209 F. Supp. 2d at pp. 1031-35 (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfied the amount in controversy requirement).

47. Although Plaintiff does not state in her Complaint a certain amount for emotional distress damages, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands in complaint did not prevent satisfaction of the amount in controversy).

48. The following cases show that in employment discrimination cases, emotional distress damages, alone, are often sufficient to satisfy the amount in controversy requirement. *Bennett v. Alaska Airlines, Inc.*, CV 14-2804 FMO RZX, 2014 WL 1715811, at *3 (C.D. Cal. April 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases):

- *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case where the plaintiff did not even seek treatment from a psychologist

DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

1    or psychiatrist and complained of only moderate symptoms, such as nightmares and

2    stress);

3        •    *Campbell v. Nat'l Passenger Railroad Corp.*, 12 Trials Digest 12th 16,

4    2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in

5    a wrongful termination case);

6        •    *Anderson v. American Airlines*, 352 F. App'x 182, 183 (9th Cir. 2009)

7    (upholding award of emotional distress damages for $1,000,000 in single-plaintiff

8    employment discrimination case); and

9        •    *Betson v. Rite Aid Corp.*, 34 Trials Digest 14th 9, 2011 WL 3606913

10    (Super. Ct. L.A. County May 27, 2011) (awarding $500,000 for pain and suffering to

11    employee in discrimination action).

12        49.    Accordingly, Plaintiff's claims for emotional distress damages, alone, is

13    more likely than not to exceed **$75,000**.

14        50.    Without even accounting for the punitive damages, the total amount in

15    controversy is at least **$320,803.84** as demonstrated in the chart below:

16

| Type of Damages/Claim | Amount in Controversy |
|---|---|
| Lost Earnings, Unpaid Wages, and Penalties | $88,303.84+ |
| Attorneys' Fees | $157,500+ |
| Emotional Distress | $75,000+ |
| **Total** | **$320,803.84+** |

**F.    Punitive Damages.**

51.    Plaintiff seeks to recover punitive damages. (Ex. A, Compl. at ¶¶ 41, 42,

56, 57, 71, 72, 87, 103, 117, 127, 135, 144, and 155.) The inclusion of punitive

damages further affirms that the amount in controversy requirement is met here.

52.    Punitive damages are also included when determining the amount in

controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n,* 325 F.2d 785, 787 (9th

Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well

established that punitive damages are part of the amount in controversy in a civil action.").

53.    California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1359 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards, alone, in employment discrimination cases often exceed the $75,000 amount in controversy requirement. *Carter v. CB Richard Ellis*, 19 Trials Digest 6th 2, 2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).

54.    Plaintiff's claim for punitive damages, alone, exceeds the requisite $75,000 amount in controversy threshold. *Hurd v. Am. Income Life Ins.*, No. CV–13–05205 RSWL–MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages…in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum").

55.    Therefore, the inclusion of punitive damages further affirms that the amount in controversy requirement is met here.

## V.    SATISFIED OF REQUIREMENTS OF 28 U.S.C. § 1446

56.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

57.    This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

58.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by **Exhibits A - B**, which are copies of all process, pleadings, and orders served on Defendant, as well as Defendant's Answer to the Complaint, which was filed in San Bernardino County Superior Court on October 7, 2022.

59.    In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed by Defendant on October 7, 2022, within the thirty-day period from the effective date of service of the Summons and Complaint.

60.    In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the removal of this action to Plaintiff via her counsel, and file a copy of that Notice with the San Bernardino County Superior Court.

## VI.    CONCLUSION

61.    Because this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

62.    In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: October 7, 2022                OGLETREE, DEAKINS, NASH, SMOAK &
                                      STEWART, P.C.


                                      By: /s/ Sarah Christenson
                                          Christian Keeney
                                          Sarah Christenson
                                          Allison R. De La Riva
                                          Attorneys for Defendant
                                          National Distribution Centers, LLC

Case No. Pending
DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

1
2

## PROOF OF SERVICE
*Maria Rosales De Velazquez v. National Distribution Centers, LLC, et al.*
Case No. Pending

3
4
5

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

6

On October 7, 2022, I served the following document(s):

7

**DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**

8
9

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

10
11
12
13

☒   **BY  MAIL:**   I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14
15

☐   **BY  MAIL:**   I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

16
17
18
19
20

☐   **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

21
22
23
24

☐   **BY  MESSENGER  SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

25
26

☐   **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s)  to  the  following  addressee(s)  at  the  following  number(s),  in accordance with:

27

☐       the written confirmation of counsel in this action:
☐       [Federal Court] the written confirmation of counsel in this action and order of the court:

28

Case No. Pending
DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

☐    **BY CM/ECF:**  With the Clerk of the United States District Court of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒    **(Federal)**    I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐    **(Federal)**    I declare that I am a **member** of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 7, 2022, at San Diego, California.

_Erika Schmidt_

Erika Schmidt

---

15

Case No. Pending

DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

53202458.v1-OGLETREE

1

2

**SERVICE LIST**

3  Jihad M. Smaili, Esq.                     Attorneys for Plaintiff
   Stephen D. Counts, Esq.                   Maria Rosales De Velazquez
4  SMAILI & ASSOCIATES, PC
   2114 N. Broadway, Suite 200
5  Santa Ana, CA  92706
   Telephone:  714-547-4700
6  Facsimile:   714-547-4710
   jihad@smaililaw.com
7  stephen@smaililaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. Pending
DEFENDANT NATIONAL DISTRIBUTION CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION