# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>NATIONAL DISTRIBUTION CENTERS, LLC, a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>MARIA ROSALES DE VELAZQUEZ, an individual; | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 24 2022<br><br>BY _____<br>ANTHONY MARTINEZ, DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Bernardino Superior Court Civil Division<br>247 W 3rd St, San Bernardino, CA 92415 | **CASE NUMBER:** *(Número del Caso):*<br>**CIV SB 2 2 1 1 8 3 9** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili [262219]; SMAILI & ASSOCIATES, P.C. 600 W Santa Ana Blvd, Suite 202, Santa Ana, CA 92701; 714-547-4700

| DATE:<br>*(Fecha)* JUN 24 2022 | Clerk, by<br>*(Secretario)* Anthony Martinez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

**COPY**

1.  ☐ as an individual defendant.
2.  ☐ as the person sued under the fictitious name of *(specify):*
3.  ☒ on behalf of *(specify):* NATIONAL DISTRIBUTION CENTERS, LLC, a corporate entity form unknown
    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):*  Limited Liability Company
4.  ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Jihad M. Smaili, Esq. [262219]
Stephen D. Counts, Esq. [231348]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff
MARIA ROSALES DE VELAZQUEZ

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 22 2022

BY _____
ANTHONY MARTINEZ, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

MARIA ROSALES DE
VELAZQUEZ, an individual;

Plaintiff,

v.

NATIONAL DISTRIBUTION
CENTERS, LLC, a corporate
entity form unknown; and DOES
1-50, inclusive,

Defendants.

Case No.:   **CIV SB 2 2 1 1 8 3 9**
Assigned for all purposes to the

**COMPLAINT:**
1. Discrimination in Violation of Gov. Code § 12940 *et seq.*
2. Failure to Accommodate in Violation of Gov. Code § 12940(m)
3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)
4. Age Discrimination in Violation of Gov. Code § 12940 *et seq.*
5. Race/National Origin Discrimination in Violation of Gov. Code § 12940 et seq.
6. Gender Discrimination in Violation of Gov. Code § 12940 *et seq.*
7. Sexual Harassment
8. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)
9. Retaliation in Violation of Gov. Code §12940(h)
10. Wrongful Termination
11. Meal and Rest Break Violations of Labor Code § 226.7
12. Failure To Pay All Compensation at Termination; Waiting Time Penalties
13. Failure To Pay Overtime & Wages
14. Failure To Provide Employment Records in Violation of Cal. Labor Code §1198.5 *et seq.*
15. Failure to Provide One Day of Rest Per Week in Violation of Cal. Labor Code §551 *et seq.*
16. Violation of Business & Professions Code § 17200 *et seq.*

**DEMAND FOR JURY TRIAL**
**UNLIMITED JURISDICTION**

COMPLAINT

1

Plaintiff Maria Rosales De Velazquez (hereinafter "Plaintiff" and/or "Rosales De Velazquez") alleges as follows:

## THE PARTIES

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant National Distribution Centers, LLC ("NDC"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of San Bernardino. Plaintiff is further informed and believes and thereon alleges that NDC was transacting business in the County of San Bernardino, State of California, at the time claims of Plaintiff arose. At all times relevant, NDC was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to NDC, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some

manner legally responsible for the events, happenings and circumstances alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.     Plaintiff is informed and believes and thereon alleges that at all times, the actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

**VENUE AND JURISDICTION**

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Chino, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of San Bernardino, State of California.

**FACTUAL BACKGROUND**

10.     On or about August 7, 2019, Defendant hired Plaintiff as a custodian. Her job duties included, but were not limited to, cleaning the warehouse, cleaning the restrooms, maintaining the break rooms, and other general janitorial duties. At the age of 41, Plaintiff worked hard, 7 days per week, and earned an hourly wage of $14.00.

11.     Defendant unreasonably and unlawfully forced Plaintiff to work 7 days per week. When Plaintiff requested not to work on Saturdays and Sundays, she was informed that if she did not work 7 days per week, she would lose her job. Furthermore, Plaintiff was reprimanded by Defendant for complaining about this policy.

12.     Throughout her employment, Plaintiff was routinely harassed and discriminated against by Defendant. The hostile work environment caused her extreme stress and anxiety. Plaintiff is from Western Mexico and identifies as Hispanic. Her co-worker, Rafael LNU told Plaintiff that people from Michoacán (Western Mexico) are lazy, create problems, and kill each other with machetes. These comments were deeply upsetting to Plaintiff.

13.     Rafael also regularly made sexual comments towards Plaintiff, making Plaintiff feel very uncomfortable.

14.     On numerous occasions, Plaintiff was harassed by the team lead, Defendant's agent Juan Robles ("Robles"). Robles would constantly follow Plaintiff around and would suspiciously appear anywhere that Plaintiff would be.

15.     On one occasion, on or about June 2020, Robles started yelling and screaming at Plaintiff because there was a pallet that was mislabeled. Defendant was

1   aware of Robles's severe harassment and mistreatment of Plaintiff, yet did nothing to
2   stop it.

3        16.    Plaintiff reported the severe harassment and mistreatment to Defendant's
4   agent, Carols LNU ("Carlos"). While doing so, she was crying and she specifically said
5   that she felt discriminated against and harassed. Despite knowing of Plaintiff's work-
6   related stress and anxiety, Defendant failed to provide workers' compensation paperwork,
7   failed to engage in a good faith interactive process, failed to offer and provide a
8   reasonable accommodation, and failed to take action to stop and prevent the harassment
9   from occurring.

10       17.    Due to the repetitive and physical nature or her job duties, Plaintiff suffered
11  from severe pain in her shoulder, arm, hand, wrist, and back.  Plaintiff was afraid of
12  making complaints to Robles about her disability because she was afraid that she would
13  be fired if she did so. This was a reasonable assumption considering the hostility and
14  reprimands she faced at work on a regular basis. Nevertheless, upon information and
15  belief, Defendant was aware or should have been aware of Plaintiff's disability.
16  However, Defendant failed to send Plaintiff to a doctor, failed to provide her with
17  workers compensation paperwork, failed to engage her in an interactive process, and
18  failed to provide her a reasonable accommodation.

19       18.    On or about November 2019, Plaintiff was injured while she was
20  performing her work duties. This injury resulted in excruciating pain in her right
21  shoulder, arm, hand, and wrist, in addition to pain in her lungs and lower back. Plaintiff
22  was again afraid of reporting to Robles. Nevertheless, upon information and belief,
23  Defendant was aware or should have been aware of Plaintiff's disability. However,
24  Defendant failed to send Plaintiff to a doctor, failed to provide her with workers
25  compensation paperwork, failed to engage her in an interactive process, and failed to
26  provide her a reasonable accommodation.

27
28

19.     Plaintiff continued to work through her worsening pain and disability. On or about August 2020, her pain had become unbearable, so she reported to the manager, Claudia LNU.

20.     On or about September 16, Plaintiff went to the doctor, who instructed Plaintiff to only perform light-duty work.

21.     On or about September 17, Plaintiff provided the note to Claudia, who informed Plaintiff that there was no light-duty work available, and asked Plaintiff what she can do. Failing to provide any accommodation, Claudia said, "Forget what the doctor said, forget what the note says… this will be an agreement between us." Plaintiff was forced to clock-out and to take her vacation days. She was also advised that she should apply for unemployment.

22.     Plaintiff desperately needed her salary, so she clocked in the next day (on or about September 18) but one of the supervisors, Anel, told her that she was not allowed to be there and had to go home. Anel threatened to have her "escorted away" if Plaintiff did not leave voluntarily.

23.     Carlos mockingly announced that "if anybody got hurt or felt bad to notify him or look for a lawyer," soliciting laughs from the other coworkers. Defendant failed to provide Plaintiff with workers compensation paperwork, failed to engage her in an interactive process, and failed to provide her a reasonable accommodation. Defendant further added insult to injury by mocking and harassing Plaintiff on the basis of her disability.

24.     On or about January 21, 2021, in retaliation for her disability and filing for workers compensation paperwork, Defendant suspended Plaintiff without pay and she had to apply for Disability Insurance. Defendant has offered for Plaintiff to come back to work on April 4, 2021, but has not agreed to provide her with any accommodations for her disability.

25.     Finally, in or around December 2021, Defendant finally terminated Plaintiff, in retaliation for her disability, complaints about her work environment, requests for accommodation, and filing for workers compensation paperwork.

26.     Plaintiff suffered harassment, discrimination, and retaliation because of her disability, age, race, national origin, sex/gender, engagement in protected activity, complaints about her work environment, and requests for accommodation. Rather than engage Plaintiff in a good faith interactive process or offer accommodation, Defendant decided to suspend and then terminate a hard-working, 41-year old, disabled woman who suffered from a hostile work environment.

27.     Before filing this lawsuit, Plaintiff exhausted her administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated June 21, 2022. See attached a true and correct copy of Plaintiff's right-to-sue notice from the DFEH.

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*

### (Against All Defendants)

28.     Plaintiff refers to all allegations contained in paragraphs 1-27, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

29.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

30.     Plaintiff has a disability as alleged above.

31.     Defendant was aware of Plaintiff's on-the-job injury and resulting

Smaili & Associates, P.C.

1  disability, as herein alleged, because Plaintiff specifically reported said disability directly

2  to Defendant via Defendant's supervisors and managing agents.

3      32.    At all times herein alleged, Plaintiff was qualified for the position of

4  employment that she held with Defendant and was able to perform the essential functions

5  of that job.

6      33.    Plaintiff is informed and believes and thereon alleges that as a direct and

7  proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an

8  interactive process, refused to communicate with Plaintiff, refused to accommodate

9  Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn

10  a living, and terminated Plaintiff.

11      34.    Defendant's discriminatory action against Plaintiff, as alleged above,

12  constitutes unlawful discrimination in employment on account of Plaintiff's disability in

13  violation of FEHA, and particularly *Gov't Code* §12940(a).

14      35.    As a direct, foreseeable, and proximate result of Defendant's discriminatory

15  action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

16  suffered the loss of wages, salary, benefits, the potential for advancement, and additional

17  amounts of money Plaintiff would have received but for Defendants' discriminatory

18  conduct, all in an amount subject to proof at the time of trial, but believed to be no less

19  than three-hundred thousand dollars ($300,000).

20      36.    As a direct, foreseeable, and proximate result of the wrongful conduct of

21  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

22  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

23  amount subject to proof at trial.

24      37.    Plaintiff is informed and believes and thereon alleges that the above-alleged

25  actions of Defendant were the result and consequence of Defendant's failure to supervise,

26  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

27  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

28  enabled agents to believe that their conduct was appropriate.

38. Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

39. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

40. Plaintiff is informed and believes and thereon alleges that her disability was a motivating factor in the decision of Defendant to discriminate against her and terminate her.

41. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

42. The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

43. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940(m)

#### (Against All Defendants)

44. Plaintiff refers to all allegations contained in paragraphs 1-43, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

45. Plaintiff has a disability as alleged above.

46.   Defendant was aware of Plaintiff's disability, as alleged above and herein.

47.   Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of her disabilities.

48.   At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

49.   Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

50.   As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in an amount of at least three-hundred thousand dollars ($300,000), all subject to proof at the time of trial.

51.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

52.   Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

1  enabled agents to believe that their conduct was appropriate.

2      53.    Defendant, and each of them, failed to offer counseling or comfort to

3  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

4  workplace.

5      54.    Plaintiff is informed and believes and thereon alleges that Defendant has a

6  systemic and wide-spread policy of discriminating against and retaliating against

7  employees with disabilities. By failing to stop the discrimination, harassment and

8  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

9  directly caused a vicious cycle of wrongful conduct with impunity.

10     55.    Plaintiff is informed and believes and thereon alleges that Defendant's

11  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

12  Defendant to discriminate against her and ultimately terminate her.

13     56.    The outrageous conduct of Defendant, and each of them, as alleged herein,

14  was done with oppression and malice by Defendant and its supervisors and managers,

15  along with conscious disregard of Plaintiff's rights, and were ratified by those other

16  individuals who were managing agents of Defendant.

17     57.    The conduct of Defendant as alleged hereinabove was done with malice,

18  fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.

19  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

20     58.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

21  amount according to proof at the time of trial which fees and expenses are recoverable

22  pursuant to *Gov't Code* §12900 *et seq.*

23                    **THIRD CAUSE OF ACTION**

24       **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN**

25        **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)**

26                     **(Against All Defendants)**

27     59.    Plaintiff refers to all allegations contained in paragraphs 1-58, inclusive and

28  by such reference incorporates the same herein as though fully realleged in detail.

60.     Plaintiff has a disability as alleged above.

61.     Defendant was aware of Plaintiff's disability, as alleged above and herein.

62.     Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with her job.

63.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

64.     Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

65.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three-hundred thousand dollars ($300,000), subject to proof at the time of trial.

66.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

67.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

1  | enabled agents to believe that their conduct was appropriate.

2  | 68. Defendant, and each of them, failed to offer counseling or comfort to

3  | Plaintiff and sent the unmistakable message that such conduct is appropriate in the

4  | workplace.

5  | 69. Plaintiff is informed and believes and thereon alleges that Defendant has a

6  | systemic and wide-spread policy of discriminating against and retaliating against

7  | employees with disabilities. By failing to stop the discrimination, harassment and

8  | retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

9  | directly caused a vicious cycle of wrongful conduct with impunity.

10 | 70. Plaintiff is informed and believes and thereon alleges that Defendant's

11 | desire to avoid accommodating Plaintiff was a motivating factor in the decision of

12 | Defendant to discriminate against her and ultimately terminate her.

13 | 71. The outrageous conduct of Defendant, and each of them, as alleged herein,

14 | was done with oppression and malice by Defendant and its supervisors and managers,

15 | along with conscious disregard of Plaintiff's rights, and were ratified by those other

16 | individuals who were managing agents of Defendant.

17 | 72. The conduct of Defendant as alleged hereinabove was done with malice,

18 | fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

19 | As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

20 | 73. Plaintiff also continues to incur attorneys' fees and legal expenses in an

21 | amount according to proof at the time of trial which fees and expenses are recoverable

22 | pursuant to *Gov't Code* §12900 *et seq.*

23 | **FOURTH CAUSE OF ACTION**

24 | **AGE DISCRIMINATION**

25 | **IN VIOLATION OF GOV. CODE § 12940** *et seq.*

26 | **(Against All Defendants)**

27 | 74. Plaintiff refers to all allegations contained in paragraphs 1-73, inclusive and

28 | by such reference incorporates the same herein as though fully realleged in detail.

*Smaili & Associates, P.C.*

75.     At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant. These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

76.     At the time of Plaintiff's injury and at the time of Plaintiff's termination, and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40. Plaintiff is informed and believes and thereon alleges that after wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

77.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

78.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and her corresponding age.

79.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

80.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

81.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

82.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory

Smail & Associates, P.C.

1  conduct, all in an amount subject to proof at the time of trial.

2      83.    As a direct, foreseeable, and proximate result of the wrongful conduct of

3  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

4  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

5  amount subject to proof at trial.

6      84.    Plaintiff is informed and believes and thereon alleges that the above-alleged

7  actions of Defendant were the result and consequence of Defendant's failure to supervise,

8  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

9  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

10  enabled agents to believe that their conduct was appropriate.

11     85.    Defendants, and each of them, failed to offer counseling or comfort to

12  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

13  workplace.

14     86.    Plaintiff is informed and believes and thereon alleges that Defendant has a

15  systemic and wide-spread policy of discriminating against and retaliating against

16  employees over the age of 40. By failing to stop the discrimination, harassment and

17  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

18  directly caused a vicious cycle of wrongful conduct with impunity.

19     87.    The outrageous conduct of Defendant, and each of them was done with

20  oppression and malice by Defendant and its supervisors and managers, along with

21  conscious disregard of Plaintiff's rights, and were ratified by those other individuals who

22  were managing agents of Defendant.

23     88.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

24  amount according to proof at the time of trial which fees and expenses are recoverable

25  pursuant to Gov't Code §12900 et seq.

26  ///

27  ///

28  ///

---

# FIFTH CAUSE OF ACTION

## RACE/NATIONAL ORIGIN DISCRIMINATION

## IN VIOLATION OF GOV CODE §12940 *et seq.*

### (Against all Defendants)

89. Plaintiff refers to all allegations contained in paragraphs 1-88, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

90. California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics

91. FEHA, codified at *Government Code* §12900 et seq., prohibits discrimination against persons based on race and/or national origin.

92. Plaintiff identifies as Hispanic of Mexican origin.

93. Defendant was aware that Plaintiff identifies as Hispanic of Mexican origin because Plaintiff specifically advised Defendant, and each of them, of the same.

94. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

95. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's race/national origin, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

96. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's race/national origin, in violation of FEHA, and particularly *Gov't Code* §12940.

97. As a direct, foreseeable, and proximate result of Defendant's discriminatory

1   action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

2   suffered the loss of wages, salary, benefits, the potential for advancement, and additional

3   amounts of money Plaintiff would have received but for Defendant's discriminatory

4   conduct, all in an amount believed to be three-hundred thousand dollars ($300,000),

5   subject to proof at the time of trial.

6       98.     As a direct, foreseeable, and proximate result of the wrongful conduct of

7   Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

8   distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

9   amount subject to proof at trial.

10      99.     Plaintiff is informed and believes and thereon alleges that the above-alleged

11  actions of Defendant were the result and consequence of Defendant's failure to supervise,

12  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

13  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

14  enabled agents to believe that their conduct was appropriate.

15      100.    Defendants, and each of them, failed to offer counseling or comfort to

16  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

17  workplace.

18      101.    Plaintiff is informed and believes and thereon alleges that Defendant has a

19  systemic and wide-spread policy of discriminating against and retaliating against

20  employees based on their race/national origin.  By failing to stop the discrimination,

21  harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct

22  which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

23      102.    Plaintiff is informed and believes and thereon alleges that her race/national

24  origin was a motivating factor in the decision of Defendant to discriminate against her

25  and/or terminate her.

26      103.    The outrageous conduct of Defendant, and each of them, as alleged herein,

27  was done with oppression and malice by Defendant and its supervisors and managers,

28  along with conscious disregard of Plaintiff's rights, and were ratified by those other

1    individuals who were managing agents of Defendant.

2        104.   Plaintiff also continues to incur attorneys' fees and legal expenses in an

3    amount according to proof at the time of trial which fees and expenses are recoverable

4    pursuant to *Gov't Code* §12900 et seq.

5    **SIXTH CAUSE OF ACTION**

6    **GENDER DISCRIMINATION IN VIOLATION OF**

7    **CALIFORNIA GOVERNMENT CODE § 12940** *et seq.*

8    **(Against All Defendants)**

9        105.   Plaintiff refers to all allegations contained in paragraphs 1-104, inclusive

10    and by such reference incorporates the same herein as though fully realleged in detail.

11        106.   At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in

12    full force and effect and were binding on Defendant. These sections require Defendant to

13    refrain from discriminating against any employee on the basis of gender.

14        107.   At the time of Plaintiff's termination, and at all times that Defendant was

15    discriminating against and harassing Plaintiff as alleged herein, Plaintiff was a female.

16    Plaintiff is informed and believes and thereon alleges that her gender was a motivating

17    factor in Defendant's decision to terminate Plaintiff's employment. Said conduct by

18    Defendant was intentional and willful.

19        108.   Defendant was aware of Plaintiff's gender, as herein alleged, because

20    Defendant maintained Plaintiff's personnel file which specifically references her gender.

21        109.   At all times herein alleged, Plaintiff was qualified for the position of

22    employment that she held with Defendant and was able to perform the essential functions

23    of that job.

24        110.   Plaintiff is informed and believes and thereon alleges that as a direct and

25    proximate result of Plaintiff's gender, Defendant decided to terminate Plaintiff's

26    employment, and in fact, did terminate Plaintiff's employment.

27        111.   Defendants discriminatory action against Plaintiff, as alleged above,

28    constitutes unlawful discrimination in employment on account of Plaintiff's gender in

COMPLAINT

Smaili & Associates, P.C.

1  violation of FEHA, and particularly Gov't Code §12940.

2      112.   As a direct, foreseeable, and proximate result of Defendants discriminatory

3  action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

4  suffered the loss of wages, salary, benefits, the potential for advancement, and additional

5  amounts of money Plaintiff would have received but for Defendant's discriminatory

6  conduct, all in an amount subject to proof at the time of trial.

7      113.   As a direct, foreseeable, and proximate result of the wrongful conduct of

8  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

9  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

10  amount subject to proof at trial.

11      114.   Plaintiff is informed and believes and thereon alleges that the above-alleged

12  actions of Defendant were the result and consequence of Defendant's failure to supervise,

13  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

14  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

15  enabled agents to believe that their conduct was appropriate.

16      115.   Defendants, and each of them, failed to offer counseling or comfort to

17  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

18  workplace.

19      116.   Plaintiff is informed and believes and thereon alleges that Defendant has a

20  systemic and wide-spread policy of discriminating against and retaliating against female

21  employees. By failing to stop the discrimination, harassment and retaliation, Defendant

22  ratified the discriminatory and retaliatory conduct which, in turn, directly caused a

23  vicious cycle of wrongful conduct with impunity.

24      117.   The outrageous conduct of Defendant, and each of them was done with

25  oppression and malice by Defendant and its supervisors and managers, along with

26  conscious disregard of Plaintiff's rights, and were ratified by those other individuals who

27  were managing agents of Defendant.

28      118.   Plaintiff also continues to incur attorneys' fees and legal expenses in an

Smaili & Associates, P.C.

1   amount according to proof at the time of trial which fees and expenses are recoverable

2   pursuant to Gov't Code §12900 et seq.

### SEVENTH CAUSE OF ACTION

### SEXUAL HARASSMENT IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE §12940(j)

### (Against All Defendants)

7   119.   Plaintiff refers to all allegations contained in paragraphs 1-118, inclusive

8   and by such reference incorporates the same herein as though fully realleged in detail.

9   120.   During the course of Plaintiff's employment, Defendants created and

10   allowed to exist a hostile environment and discriminated against and harassed Plaintiff on

11   the basis of her gender, and participation in protected conduct, in violation of firmly

12   established California public policy as set forth under Government Code § 12940 *et seq.*

13   121.   Defendants demanded more than professionalism from Plaintiff and other

14   employees. Defendant's agents regularly made sexual advances, gestures, comments, and

15   overtures towards Plaintiff. Plaintiff rebuffed all of Defendant's agents advances and

16   made complaints. The improper conduct did not abate, and Defendants did nothing to

17   prevent or stop such conduct, nor did Defendants discipline Defendant's agents.

18   122.   California public policy is clear that harassment of employees on the basis

19   of sex/sexual orientation/gender is an unlawful employment practice and requires

20   Defendants to refrain from discrimination or harassment against any employee because of

21   their sex/ sexual orientation/gender.

22   123.   The foregoing conduct further violates California public policy which

23   provides that it is unlawful for an employer to fail to take all reasonable steps necessary

24   to prevent harassment from occurring.

25   124.   The foregoing conduct violates California public policy which provides that

26   it is an unlawful practice for any employer or person to retaliate against or otherwise

27   discriminate against any person because the person has opposed any practices forbidden

28   by law or because the person has complained or asserted legal rights under the law.

*Smaili & Associates, P.C.*

COMPLAINT

20

125.   The sexual harassment and retaliation against Plaintiff created an oppressive, hostile, intimidating and/or offensive work environment for Plaintiff and interfered with her emotional well-being and ability to perform her duties.

126.   The sexual harassment and retaliation were sufficiently severe and pervasive as to materially alter Plaintiff's conditions of employment, and to create an abusive work environment.

127.   The acts of Defendants alleged above were done maliciously, oppressively, and/or fraudulently.

128.   Defendants knew, or should have known, that there was an ongoing problem with Defendant's agents engaging in inappropriate sexual activity and making unwelcome sexual advances to employees, and specifically Plaintiff, and employed her with conscious disregard of the rights or safety of Plaintiff and of other employees.

129.   Once Plaintiff complained, Defendants could have implemented significant remedies, but failed to do so, or chose not to do so. Defendants therefore ratified and adopted the wrongful conduct.

130.   As a direct and proximate result of the sexual harassment of Plaintiff described above, and the retaliation against him, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, mental anguish, severe emotional and physical distress, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement, and work experience, all to her damage, according to proof.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION
### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

#### (Against All Defendants)

131.   Plaintiff refers to all allegations contained in paragraphs 1-130, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

132.   During the course of employment, Defendant, and each of them, failed to

prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of her age, disability, gender, race/national origin, requesting accommodation, and participation in protected conduct in violation of *Government Code* §12940(k).

133.   As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

134.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received all to her damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

135.   Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

136.   As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

137.   These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

138.   Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

///

///

# NINTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE §12940(h)

### (Against All Defendants)

139.   Plaintiff refers to all allegations contained in paragraphs 1-138, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

140.   At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant. This statute requires Defendant to refrain from retaliating against Plaintiff.

141.   Plaintiff is informed and believes and thereon alleges that as a consequence of her resistance of Defendant's sexual harassment, requests for accommodation for her disability, meal and rest breaks, proper compensation including wages and overtime, filing/perceived filing for workers' compensation, and complaints to Defendant about harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's race, gender, age and disability sustained while on-the-job for which workers compensation coverage was required along with reasonable accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with her job, failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

142.   Defendant unlawfully retaliated against Plaintiff after she engaged in protected activity, such as without limitation, resisting sexual harassment, requesting her meal and rest breaks, requesting proper compensation including wages and overtime, requesting disability accommodations, filing/perceived filing for workers' compensation, and lodging workplace complaints related to the harassment and discrimination that she was facing, and other complaints of a hostile and unsafe working environment.

143.   As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, she has sustained and continues to sustain substantial losses in

her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and sleep dysfunction, all to her damage in a sum according to proof.

144.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in her discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

145.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

## TENTH CAUSE OF ACTION

## WRONGFUL TERMINATION

### (Against All Defendants)

146.    Plaintiff refers to all allegations contained in paragraphs 1-145, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

147.    Plaintiff informed Defendant that she suffered from disabilities. Further, Defendants were aware of Plaintiff's age, race, gender, requests for accommodation, and complaints about her workplace environment.

148.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

149.    *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

150.    *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

151.    *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

152.    Defendant wrongfully terminated Plaintiff in violation of a substantial and

fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against her because: (i) she had suffered a work-related injury/disability, (ii) she requested and required reasonable accommodation, (iii) she required an interactive process, and (iv) she is Hispanic of Mexican origin, (v) she is over the age of 40, (vi) she is female, and (vii) she lodged complaints about the hostile working environment, including sexual harassment and discrimination.

153.    Plaintiff is informed and believes and thereon alleges that these factors made up Defendant's decision to terminate Plaintiff and/or played an important and integral role in said decision. Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

154.    As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

155.    In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## ELEVENTH CAUSE OF ACTION

## MEAL AND REST BREAK VIOLATIONS OF LABOR CODE §226.7

### (Against all Defendants)

156.    Plaintiff refers to all allegations contained in paragraphs 1-155, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

157.    *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

158.    *Labor Code* §512 provides in pertinent part that, "An employer may not

employ an employee for a work period of more than five hours per work day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

159.   *Labor Code* §512 further provides in pertinent part that, "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

160.   *Labor Code* §516 provides that the industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

161.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

162.   Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

163.   Likewise, the IWC Wage Order(s) and provisions of the Labor Code require that an employer relieve an employee of duty for a 10-minute break for every four hours worked.

164.   While employed by Defendants, and at all times relevant herein, Plaintiff

consistently worked over five (5) hours per shift and therefore was entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and, at least one rest break for every four (4) hours worked.

165.   At all times relevant herein, Plaintiff did not waive her meal periods and/or rest breaks, by mutual consent with Defendants or otherwise.

166.   At all times relevant herein, Plaintiff did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

167.   Defendants failed to comply with the rest and meal period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

168.   Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal period was not provided.

169.   Pursuant to *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

## TWELFTH CAUSE OF ACTION

### FAILURE TO PAY ALL COMPENSATION AT TERMINATION;

### WAITING TIME PENALTIES

### (Against All Defendants)

170.   Plaintiff refers to all allegations contained in paragraphs 1-169, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

171.   Defendants failed to pay Plaintiff all wages for all hours worked at the time of Plaintiff's termination.

---

172. Defendant's failure to pay wages in a timely fashion at the time of termination constitutes a violation of California *Labor Code* §202 and §204, which require that all wages be paid in timely fashion. Each failure to make a timely payment of compensation to Plaintiff constitutes a separate violation of California *Labor Code* §204.

173. Plaintiff has been damaged by these violations of California *Labor Code* §§ 202 and 204 (and the relevant orders of the Industrial Welfare Commission).

174. Consequently, pursuant to California Labor Code §§202, 204, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all unpaid wages, with interest, plus reasonable attorneys' fees and costs.

175. Defendants' failure to pay all compensation at the time of termination, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles Plaintiff to penalties under *Labor Code* §203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due. Plaintiff may also recover reasonable attorneys' fees.

## THIRTEENTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME AND WAGES

#### (Against All Defendants)

176. Plaintiff refers to all allegations contained in paragraphs 1-175, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

177. Defendants failed to pay Plaintiff wages for all hours worked, including, without limitation, overtime wages.

178. From at least four (4) years prior to the filing of this action and continuing to the present, Defendants failed to pay Plaintiff wages for all hours worked, at least in part because Defendants misclassified Plaintiff and required Plaintiff to work overtime but did not compensate her for this time.

179. Defendants' failure to pay wages and overtime in a timely fashion also constituted a violation of California Labor Code §204, which requires that all wages be

1  paid in semimonthly payments. Each failure to make a timely payment of compensation
2  to Plaintiff constitutes a separate violation of California Labor Code §204.

3    180.    Plaintiff has been damaged by these violations of California Labor Code §§
4  204 and 510 and 1194 (and the relevant orders of the Industrial Welfare Commission).

5    181.    Consequently, pursuant to California Labor Code §§204, 510, and 1194
6  (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to
7  Plaintiff for the full amount of all her unpaid wages and overtime compensation, with
8  interest, plus her reasonable attorneys' fees and costs.

### FOURTEENTH CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYMENT RECORDS

### IN VIOLATION OF CAL. LABOR CODE §1198.5 *et seq.*

### (Against all Defendants)

13    182.    Plaintiff refers to all allegations contained in paragraphs 1-181, inclusive
14  and by such reference incorporates the same herein as though fully realleged in detail.

15    183.    California Labor Code §1174, subdivision (c), requires employers doing
16  business in the State of California to maintain payroll records and to keep these records in
17  a central location in the State of California.

18    184.    California Labor Code §226, subdivisions (b) and (c), require employers
19  doing business in the State of California to provide current and former employees access
20  to their payroll records.

21    185.    California Labor Code §432, subdivision (b), requires employers doing
22  business in the State of California to provide current and former employees copies of all
23  written instruments they sign upon request.

24    186.    California Labor Code §1198.5 et seq., provides current and former
25  employees the right to inspect their employee personnel records that the employer
26  maintains relating to the employee's performance or to any grievance concerning the
27  employee.

28

187.   Plaintiff, via counsel, requested Defendants to provide Plaintiff with her employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

188.   As a result of Defendants' statutory violations alleged in this Complaint, Plaintiff suffered damages, in an amount to be determined according to proof at trial, costs, and attorney's fees.

189.   By reason of the foregoing, Plaintiff has been left without an adequate remedy at law and should be entitled to appropriate injunctive relief from this Court, including, but not limited to, an order by the Court requiring Defendants to turn over copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide Plaintiff access to these records as required by law.

190.   Plaintiff is entitled to costs and attorney's fees as provided by applicable law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and (h), and § 1198.5 subdivision (l).

191.   Plaintiff is entitled to penalties as provided by applicable law, including, but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5 subdivision (k).

## FIFTEENTH CAUSE OF ACTION
### FAILURE TO PROVIDE ONE DAY OF REST PER WEEK
### IN VIOLATION OF CAL. LABOR CODE §551
#### (Against All Defendants)

192.   Plaintiff refers to all allegations contained in paragraphs 1-191, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

193.   *Labor Code* §551 states that "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

194.   *Labor Code* §552 states that "No employer of labor shall cause his employees to work more than six days in seven."

Small & Associates, P.C.

1    195.   *Labor Code* §553 states that "Any person who violates this chapter is guilty
2    of a misdemeanor."

3    196.   An employer may not encourage its employees to forgo rest or conceal the
4    entitlement to rest. *Mendoza v. Nordstrom, Inc.*, 2 Cal. 5th 1074 (2017).

5    197.   Plaintiff is entitled to costs and attorney's fees as provided by applicable
6    law, including, but not limited to, California Labor Code §558, §226 subdivisions (e), (f),
7    and (h), and § 1198.5 subdivision (l).

8    198.   Plaintiff is entitled to penalties as provided by applicable law, including,
9    but not limited to, California Labor Code §558, §§ 226 subdivisions (e) and (f), and
10   §1198.5 subdivision (k).

11                    **SIXTEENTH CAUSE OF ACTION**

12       **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

13                       **(Against All Defendants)**

14   199.   Plaintiff refers to all allegations contained in paragraphs 1-198 inclusive,
15   and by such reference incorporates the same herein as though fully realleged in detail.

16   200.   Defendant, and each of them, have engaged in unfair and unlawful business
17   practices as set forth above.

18   201.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair
19   business practices.

20   202.   By engaging in the above-described acts and practices, Defendant, and each
21   of them, have committed one or more acts of unfair, unlawful or fraudulent competition
22   within the meaning of Business & Professions Code §17200 *et seq.*

23   203.   Defendant, and each of them, have violated statutes and public policies.
24   Through the conduct alleged in this Complaint, Defendant, and each of them, have acted
25   contrary to public policies and have engaged in other unlawful and unfair business
26   practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff
27   and all interested persons of rights, benefits, and privileges guaranteed to all employees
28   under law.

204.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of Defendant, and each of them.

205.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

Smalli & Associates, P.C.

COMPLAINT

32

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three-hundred thousand dollars ($300,000);

2.  For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3.  For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4.  For pre-judgment and post-judgment interest, according to proof;

5.  For punitive and exemplary damages, according to proof;

6.  For attorneys' fees, according to proof and statute;

7.  For costs of suit incurred herein;

8.  For such other relief and the Court may deem just and proper.

Dated: June 21, 2022                          **SMAILI & ASSOCIATES, P.C.**


By: */s/ Jihad M. Smaili*
                          Jihad M. Smaili, Esq.
                          Stephen D. Counts, Esq.
                          Attorney for Plaintiff
                          MARIA ROSALES DE VELAZQUEZ

Smaili & Associates, P.C.

COMPLAINT

33

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby requests a trial by jury.

3

4  Dated: June 21, 2022                 **SMAILI & ASSOCIATES, P.C.**

5

6                                      By:  _/s/ Jihad M. Smaili_

7                                           Jihad M. Smaili, Esq.
8                                           Stephen D. Counts, Esq.
                                            Attorney for Plaintiff
9                                           MARIA ROSALES DE VELAZQUEZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

34

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 21, 2022

Jihad Smaili, Esq.
600 West Santa Ana Blvd, Suite 202
Santa Ana, California 92701

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202206-17307115
      Right to Sue: Rosales De Velazquez / National Distribution Centers, LLC

Dear Jihad Smaili, Esq.:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 21, 2022

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202206-17307115
Right to Sue: Rosales De Velazquez / National Distribution Centers, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 21, 2022

Maria Rosales De Velazquez
4578 Sunnyside Drive
Riverside, CA 92506

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202206-17307115
Right to Sue: Rosales De Velazquez / National Distribution Centers, LLC

Dear Maria Rosales De Velazquez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 21, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Maria Rosales De Velazquez                              DFEH No. 202206-17307115

                              Complainant,

vs.

National Distribution Centers, LLC
2 COOPER ST
CAMDEN, NJ 08102

                              Respondents

_____

**1.** Respondent **National Distribution Centers, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Maria Rosales De Velazquez**, resides in the City of **Riverside,** State of **CA.**

**3.** Complainant alleges that on or about **December 1, 2021,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, national origin (includes language restrictions), sex/gender, disability (physical or mental), age (40 and over), other, sexual harassment- hostile environment, association with a member of a protected class, family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions), sex/gender, disability (physical or mental), age (40 and over), other, sexual harassment- hostile environment, association with a member of a protected class, family care or medical leave (cfra) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

-1-

*Complaint – DFEH No. 202206-17307115*

Date Filed: June 21, 2022

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Additional Complaint Details:** The following is stated upon information and belief of the attorney submitting this document on a client's behalf:

On or about August 7, 2019, Respondent hired Ms. Velazquez as a custodian. Her job duties included, but were not limited to, cleaning the warehouse, cleaning the restrooms, maintaining the break rooms, and other general janitorial duties. At the age of 41, Ms. Velazquez worked hard, 7 days per week, and earned an hourly wage of $14.00.

Respondent unreasonably and unlawfully forced Ms. Velazquez to work 7 days per week. When Ms. Velazquez requested not to work on Saturdays and Sundays, she was informed that if she did not work 7 days per week, she would lose her job. Furthermore, Ms. Velazquez was reprimanded by Respondent for complaining about this policy.

Throughout her employment, Ms. Velazquez was routinely harassed and discriminated against by Respondent. The hostile work environment caused her extreme stress and anxiety. Ms. Velazquez is from Western Mexico and identifies as Hispanic. Her co-worker, Rafael LNU told Ms. Velazquez that people from Michoacán (Western Mexico) are lazy, create problems, and kill each other with machetes. These comments were deeply upsetting to Ms. Velazquez. Rafael also regularly made sexual comments, making Ms. Velazquez feel very uncomfortable. On numerous occasions, Ms. Velazquez was harassed by the team lead, Respondent's agent Juan Robles ("Robles"). Robles would constantly follow Ms. Velazquez around and would suspiciously appear anywhere that Ms. Velazquez would be. On one occasion, on or about June 2020, Robles started yelling and screaming at Ms. Velazquez because there was a pallet that was mislabeled. Respondent was aware of Robles's severe harassment and mistreatment of Ms. Velazquez, yet did nothing to stop it. Ms. Velazquez reported the severe harassment and mistreatment to Carlos; while doing so, she was crying and she specifically said that she felt discriminated against and harassed. Despite knowing of Ms. Velazquez's work-related stress and anxiety, Respondent failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, failed to offer and provide a reasonable accommodation, and failed to take action to stop and prevent the harassment from occurring.

Due to the repetitive and physical nature or her job duties, Ms. Velazquez suffered from severe pain in her shoulder, arm, hand, wrist, and back.  Ms. Velazquez was afraid of making complaints to Robles about her disability because she was afraid that she would be fired if she did so. This was a reasonable assumption considering the hostility and reprimands she faced at work on a regular basis. Nevertheless, upon information and belief,

-2-
*Complaint – DFEH No. 202206-17307115*

Date Filed: June 21, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Respondent was aware or should have been aware of Ms. Velazquez's disability. However, Respondent failed to send Ms. Velazquez to a doctor, failed to provide her with workers compensation paperwork, failed to engage her in an interactive process, and failed to provide her a reasonable accommodation.

On or about November 2019, Ms. Velazquez was injured while she was performing her work duties. This injury resulted in excruciating pain in her right shoulder, arm, hand, and wrist, in addition to pain in her lungs and lower back. Ms. Velazquez was again afraid of reporting to Robles. Nevertheless, upon information and belief, Respondent was aware or should have been aware of Ms. Velazquez's disability. However, Respondent failed to send Ms. Velazquez to a doctor, failed to provide her with workers compensation paperwork, failed to engage her in an interactive process, and failed to provide her a reasonable accommodation.

Ms. Velazquez continued to work through her worsening pain and disability. On or about August 2020, her pain had become unbearable, so she reported to the manager, Claudia LNU. On or about September 16, Ms. Velazquez went to the doctor, who instructed Ms. Velazquez to only perform light-duty work. On or about September 17, Ms. Velazquez provided the note to Claudia, who informed Ms. Velazquez that there was no light-duty work available, and asked Ms. Velazquez what she can do. Failing to provide any accommodation, Claudia said, "Forget what the doctor said, forget what the note says... this will be an agreement between us." Ms. Velazquez was forced to clock-out and to take her vacation days. She was also advised that she should apply for unemployment. Ms. Velazquez desperately needed her salary, so she clocked in the next day (on or about September 18) but one of the supervisors, Anel, told her that she was not allowed to be there and had to go home. Anel threatened to have her "escorted away" if Ms. Velazquez did not leave voluntarily. Carlos, another supervisor, mockingly announced that "if anybody got hurt or felt bad to notify him or look for a lawyer," soliciting laughs from the other coworkers. Respondent failed to provide Ms. Velazquez with workers compensation paperwork, failed to engage her in an interactive process, and failed to provide her a reasonable accommodation. Respondent further added insult to injury by mocking and harassing Ms. Velazquez on the basis of her disability.

On or about January 21, 2021, in retaliation for her disability and filing for workers compensation paperwork, Respondent suspended Ms. Velazquez without pay and she had to apply for Disability Insurance. Respondent has offered for Ms. Velazquez to come back to work on April 4, 2021, but has not agreed to provide her with any accommodations for her disability.

Finally, on or about December 2021, Ms. Velasquez was terminated, in retaliation for her disability, complaints about her work environment, requests for accommodation, and filing for workers compensation paperwork.

It is our position that Ms. Velazquez suffered harassment, discrimination, and retaliation because of her disability, age, race, national origin, sex/gender, engagement in protected activity, complaints about her work environment, and requests for accommodation.

-3-

Date Filed: June 21, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1   Rather than engage Ms. Velazquez in a good faith interactive process or offer
2   accommodation, Respondent decided to terminate a hard-working, 41-year old, disabled
    woman who had suffered from a hostile work environment.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26                                              -4-
                                 Complaint – DFEH No. 202206-17307115
27
    Date Filed: June 21, 2022
28
                                                 Form DFEH-ENF 80 RS (Revised 02/22)

1  VERIFICATION

2  I, **Jihad M. Smaili, Esq.**, am the **Attorney** in the above-entitled complaint.  I have
3  read the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On June 21, 2022, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                       **Santa Ana, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            -5-
                              *Complaint -- DFEH No. 202206-17307115*

27
   Date Filed: June 21, 2022
28
                                                    Form DFEH-ENF 80 RS (Revised 02/22)

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>JIHAD M. SMAILI [262219]<br>600 W Santa Ana Blvd, Suite 202,Santa Ana, CA 92701<br><br>TELEPHONE NO.: 714-547-4700     FAX NO. *(Optional)*: 714-547-4710<br>E-MAIL ADDRESS: jihad@smaililaw.com<br>ATTORNEY FOR *(Name):* PLAINTIFF - MARIA ROSALES DE VELAZQUEZ | **FOR COURT USE ONLY**<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 22 2022<br><br>BY _____<br>ANTHONY MARTINEZ, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 247 W 3rd St
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: SAN BERNARDINO - CIVIL DIVISION

CASE NAME:
MARIA ROSALES DE VELAZQUEZ vs NATIONAL DISTRIBUTION CENTERS, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **CIV SB 2 2 1 1 8 3 9**<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve        e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 16 (sixteen)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 6/21/2022

Jihad M. Smaili, Esq.
_____
(TYPE OR PRINT NAME)

▶  *Jihad M. Smaili*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

BY FAX

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

MARIA ROSALES DE VELAZQUEZ

Case No.: CIV SB 2211839

vs.

**CERTIFICATE OF ASSIGNMENT**

NATIONAL DISTRIBUTION CENTERS, LLC

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Civil Division of the San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☐ General       ☐ Collection

**Nature of Action**     **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☑ | 20. Other Labor/Employment | The Cause of action arose within the district. |
| | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

NATIONAL DISTRIBUTION CENTERS, LLC         16046 Mountain
NAME -- INDICATE TITLE OR OTHER QUALIFYING FACTOR       ADDRESS

Chino               CA            91708
CITY              STATE          ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 21, 2022    at 600 W. Santa Ana Blvd., Suite 202, Santa Ana, CA 92701, California.

*/s/ Jihad M. Smaili*
Signature of Attorney/Party



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| | Case Number |
|---|---|
| Rosales De Velazquez -v- National Distribution Centers, LLC et al | |
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | CIVSB2211839 |

SMAILI & ASSOCIATES PC
600 WEST SANTA ANA BLVD
SUITE 202
SANTA ANA CA  92701

This case has been assigned to:  Michael A Sachs in Department S28 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  12/27/2022  at 9:00 AM in Department S28 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (Local Rule 411.1).

Parties shall file and serve no later than 10 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.   In the event an At Issue Memorandum shall be filed and served no later than 15 days prior to the trial setting conference.

Date: 6/24/2022                                          Nancy CS Eberhardt, Court Executive Officer


                                                       By:  Anthony Martinez
                                                            Anthony Martinez, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:
☐   Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐   Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐   A copy of this notice was given to the filing party at the counter.
☒   A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.
Date of Mailing:  6/24/2022

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 6/24/2022 at San Bernardino, CA.


                                                       By:  _____
                                                            Anthony Martinez, Deputy Clerk

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jihad M. Smaili, Esq. [262219]<br>SMAILI & ASSOCIATES, P.C.<br>2114 N Broadway, Suite 200<br>Santa Ana, CA 92706<br>TELEPHONE NO.: 714-547-4700    FAX NO. *(Optional):* 714-547-4710<br>E-MAIL ADDRESS *(Optional):* jihad@smaililaw.com<br>ATTORNEY FOR *(Name):* PLAINTIFF - MARIA ROSALES DE VELAZQUEZ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 W Third St
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Civil Division

| PLAINTIFF/PETITIONER: Maria Rosales De Velazquez | CASE NUMBER:<br>CIVSB2211839 |
|---|---|
| DEFENDANT/RESPONDENT: National Distribution Centers, LLC | JUDICIAL OFFICER:<br>Michael A Sachs |
| **NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION** | DEPT.:<br>S28 |

1. **Please take notice** that, as of *(date):* July 1, 2022
   ☐ the following self-represented party or
   ☑ the attorney for:
   
   a. ☑ plaintiff *(name):* Maria Rosales De Velazquez
   
   b. ☐ defendant *(name):*
   
   c. ☐ petitioner *(name):*
   
   d. ☐ respondent *(name):*
   
   e. ☐ other *(describe):*

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.
   ☐ A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name):* Jihad M. Smaili, Esq.; SMAILI & ASSOCIATES, P.C.

   is as follows:

   a. Street: 2114 N Broadway, Suite 200

   b. City: Santa Ana, CA 92706

   c. Mailing address *(if different from above):*

   d. State and zip code:

   e. Telephone number:

   f. Fax number (if available):

   g. E-mail address (if available):

3. **All notices and documents** regarding the action should be sent to the above address.

   Date: 9/7/2022

   Jihad M. Smaili, Esq.
   _____
   (TYPE OR PRINT NAME)

   ▶ *Jihad M. Smaili*
   _____
   (SIGNATURE OF PARTY OR ATTORNEY)

Form Approved for Optional Use<br>Judicial Council of California<br>MC-040 [Rev. January 1, 2013]

**NOTICE OF CHANGE OF ADDRESS OR OTHER
CONTACT INFORMATION**

Cal. Rules of Court, rules 2.200 and 8.816<br>*www.courts.ca.gov*

MC-040

| PLAINTIFF/PETITIONER: Maria Rosales De Velazquez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: National Distribution Centers, LLC | CIVSB2211839 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION

*(NOTE: This page may be used for proof of service by first-class mail of the **Notice of Change of Address or Other Contact Information**. Please use a different proof of service, such as Proof of Service—Civil (form POS-040), if you serve this notice by a method other than first class-mail, such as by fax or electronic service. You cannot serve the Notice of Change of Address or Other Contact Information if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. At the time of service, I was at least 18 years old and **not a party to this action.**

2. I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify):*
   2114 N Broadway, Suite 200, Santa Ana, CA 92706

3. I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons at the addresses listed in item 5 and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service with postage fully prepaid.
   b. ☑ placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The *Notice of Change of Address or Other Contact Information* was placed in the mail:
   a. on *(date):* 9/7/2022
   b. at *(city and state):* Santa Ana CA

5. The envelope was addressed and mailed as follows:

   a. Name of person served:
      CSC-Lawyers Incorporating Service
      Street address: 2710 Gateway Oaks DR, Ste 150N
      City: Sacramento
      State and zip code: CA 95833

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   b. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/7/2022

Andrea Paniague
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *[signature]*
_____
(SIGNATURE OF DECLARANT)

**NOTICE OF CHANGE OF ADDRESS
OR OTHER CONTACT INFORMATION**

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
2114 N Broadway, Suite 200
Santa Ana, CA 92706
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MARIA ROSALES DE VELAZQUEZ, an indivual; <br><br> Plaintiff, <br><br> v <br><br> NATIONAL DISTRI BUTION CENTERS, LLC, a corporate entity form unknown; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: CIVSB211839 <br><br> **PLAINTIFF'S STATEMENT OF PUNITIVE DAMAGES** <br> **[CCP §425.115]** |

**NOTICE TO: WAL—MART ASSOCIATES INC., a corporate entity form unknown; and DOES 1—50**

Plaintiff Maria Rosales De Velazquez   reserves the right to seek $100,000.00 in punitive damages against each of you when she seeks a judgment in the above captioned lawsuit filed against you.

Dated: September 7, 2022          **SMAILI & ASSOCIATES, P.C.**


By: *Jihad M. Smaili*
Jihad M. Smaili, Esq.
Attorneys for Plaintiff

STATEMENT OF PUNITIVE DAMAGES